IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

THIRTY-FOUR THOUSAND NINE
HUNDRED TWENTY-NINE AND
00/100 DOLLARS ($34,929.00) IN
UNITED STATES CURRENCY,

      Defendant.

Case No. 2:09-cv-734
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court for consideration of a motion to dismiss (Doc. # 17) filed by Claimant German Antonio Roman-Oliver, a memorandum in opposition (Doc. # 24) filed by the United States of America, and a reply memorandum (Doc. # 26) filed by Roman-Oliver. For the reasons that follow, this Court finds the motion not well taken.

### I. Background

On March 18, 2009, the sum of $34,929.00 was seized from German Antonio Roman-Oliver at the Port Columbus International Airport. The facts underlying the seizure are not important for the present inquiry. What is important is that following the seizure, the United States subsequently mailed an April 7, 2009 notice of the seizure to Roman-Oliver that set forth how he could either request remission or mitigation of the forfeiture with the Forfeiture Counsel of the Drug Enforcement Administration ("DEA") or simply contest the forfeiture in federal district court.

Roman-Oliver responded by submitting a one-page claim, signed by his counsel, along with a second page consisting of an affidavit in which Roman-Oliver stated that he had reviewed

the claim and that it "is truthful and accurate in every respect." (Doc. # 17-1, at 3.) The DEA received the claim on May 6, 2009. Eight days later, the DEA sent Roman-Oliver's counsel a certified letter citing 18 U.S.C. § 983(a)(2)(C)(iii) and stating that the claim "was not made under oath, **subject to penalty of perjury**." (Doc. # 17-1, at 5.) The letter further provided that "[i]t is not sufficiently clear that the party's statements were subject to the penalty of perjury. A claim must clearly state that the claimant is making the statements, subject to the penalty of perjury." (*Id.*) The letter stated that "[a] claimant may use the following language to satisfy this requirement: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." (*Id.*) Finally, the letter indicated that Roman-Oliver had twenty days from its receipt to cure the identified deficiency and file a valid claim. Roman-Oliver submitted a claim within the twenty days that indicated that it was being made under penalty of perjury.

Plaintiff, the United States of America, filed a complaint on August 20, 2009, in which the United States seeks the forfeiture of the $34,929.00 pursuant to 21 U.S.C. § 881(a)(6) or, alternatively, pursuant to 31 U.S.C. § 5332(c). (Doc. # 2.) After notice of this action was made by publication (Doc. # 12), Roman-Oliver filed a claim for the money (Doc. # 13). Roman-Oliver has also filed a motion to dismiss the action. (Doc. # 17.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Roman-Oliver moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). That rule provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to

survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction"). Moreover, this Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*, 895 F.2d at 269.

**B. Analysis**

Roman-Oliver argues that there is a lack of subject matter jurisdiction because the United States failed to file its August 20, 2009 complaint within a requisite ninety days from May 6, 2009, the date on which the DEA received his initial claim. *See* 18 U.S.C. § 983(a)(3)(A) (providing that "[n]ot later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture"). He asserts that this claim was valid because it was subject to the penalty of perjury, rendering the DEA's rejection of the filing erroneous.

To support this conclusion, Roman-Oliver reasons that because he swore out his affidavit accompanying his initial claim before a notary, his initial claim was subject to a penalty of perjury. He notes that Ohio law provides in relevant part that "[a] notary public may, throughout the state, administer oaths required or authorized by law." Ohio Rev. Code § 147.07. Thus, Roman-Oliver concludes, his notarized affidavit falls within the scope of § 1621, which provides:

> Whoever--
> **(1)** having taken an oath before a competent tribunal, officer, or person, in any case

3

in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . .
. . .
is guilty of perjury . . . .

18 U.S.C. § 1621. Because his initial claim was under penalty of perjury, Roman-Oliver concludes, it was a valid claim under 18 U.S.C. § 983(a)(2)(C). That latter statute requires that a claim in a civil forfeiture proceeding shall "be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C)(iii).

The United States counters that Roman-Oliver's initial submission was not a valid claim because the document submitted as the "Claim for Remission" was signed by his counsel. The government notes that only the attached affidavit was signed by Roman-Oliver. Thus, the United States asserts, "[t]he documents taken together or separately do not constitute a valid claim." (Doc. # 24, at 6.)

This Court agrees that a claim signed by counsel and not by the claimant is defective. *See United States v. 2005 Dodge Magnum*, No. 1:08CV78 HEA, 2008 WL 2783128, at *1 n.1 (E.D. Mo. July 17, 2008) ("Claimant's original claim . . . was defective in that it was signed by counsel rather than Claimant herself. *See* 18 U.S.C. § 983(a)(2)(C) (a claim cannot be signed by a third party on behalf of a claimant)."); *Manjarrez v. United States*, Nos. 01 C 7530, 01 C 9495, 2002 WL 31870533, at *2 (N.D. Ill. Dec. 19, 2002) (rejecting as a valid claim a document submitted and signed only by counsel). The issue is thus whether a claim signed by counsel but accompanied by a signed affidavit signed by the claimant constitutes a viable claim.

Notably, the statutory scheme provides that "[a] claim need not be made in any particular

4

form." 18 U.S.C. § 983(a)(2)(D). The United States has failed to present this Court with any authority supporting the contention that a claim cannot be presented in two such parts, with one incorporating the other, so that together the multiple, contemporaneously filed documents constitute a viable claim. Such faceted filing arguably distinguishes the instant case from *2005 Dodge Magnum* and *Manjarrez*, as well as the other cases upon which the United States relies.

Assuming for the sake of argument then that the presence of counsel's signature on one part of the multi-part claim submission did not invalidate Roman-Oliver's initial submission, the Court turns to whether a properly notarized affidavit satisfies the under penalty of perjury requirement. To support his position, Roman-Oliver directs this Court to *Calash v. Drug Enforcement Administration*, No. 08-61196-CIV, 2009 WL 87596 (S.D. Fla. Jan. 12, 2009). That case involved a verified claim signed by the claimant and notarized and submitted by his counsel. *Id.* at *1. The DEA rejected the verified claim because it was purportedly not made under oath subject to penalty of perjury. *Id.* The district court concluded, however, that because "the facts were sworn to as true and correct before a notary authorized to administer the oath" then "the verified Claim was 'subject to penalty if perjury' and thus complied with the requirement of 18 U.S.C. § 983(a)(2)(C)(iii)." *Id.* at *2.

Citing a case related to *Calash*, the United States argues that such a holding is distinguishable on the grounds that the ninety-day period for filing a forfeiture complaint was properly tolled. This raises the issue of tolling, which ultimately proves dispositive of the motion to dismiss.

Although the United States does a less than clear or comprehensive job of presenting the tolling issue, Roman-Oliver construes the governmental reference to tolling as a request for

5

similar action by this Court.  Roman-Oliver opposes tolling, arguing that forfeiture law are to be strictly construed.  He does concede, however, that he "has no reason to believe the United States did not act in good faith in this case."  (Doc. # 26, at 3.)  Given the government's evident good faith in complying with both the spirit and the letter of the law–there is no apparent attempt to frustrate the purpose of the statutory provisions involved–this Court agrees with the concession and concludes that based on the limited circumstances presented here, the Court shall apply equitable tolling to the ninety-day filing period set forth in § 983(a)(3)(A).  *See United States v. $114,143.00 in United States Currency*, 609 F. Supp. 2d 1321 (S.D. Fla. 2009) (collecting cases supporting equitable tolling in § 983 context).  As one judicial officer has explained in a similar case, "forcing the government to release the property 'seems inequitable in light of the Government's good faith attempt to comply with section 983.' " *United States v. Nine Thousand Six Hundred Thirty Dollars in U.S. Currency*, No. 2:05-CV-00334, 2006 WL 3813590, at *3 (D. Utah Dec. 21, 2006) (quoting *United States v. $39,480.00 in United States Currency*, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002)).  This conclusion applies here, as well as the " 'strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds.' " *Id.* (quoting *$39,480.00 in United States Currency*, 190 F. Supp. 2d at 933).

Accordingly, even assuming *arguendo* that Roman-Oliver's first submission constituted a viable claim subjecting him to penalty of perjury, the application of equitable tolling precludes dismissal of the instant action.  The Court therefore concludes that the complaint is timely, subject matter jurisdiction exists, and the motion to dismiss is not well taken.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss.  (Doc. # 17.)

**IT IS SO ORDERED.**

                                                                /s/   Gregory L. Frost
                                                             GREGORY L. FROST
                                                             UNITED STATES DISTRICT JUDGE