IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  vs.                            Civil Action 2:09-CV-734
                                    Magistrate Judge King

**THIRTY-FOUR THOUSAND NINE
HUNDRED TWENTY-NINE AND
00/100 DOLLARS ($34,929.00)
IN UNITED STATES CURRENCY,**

        **Defendant.**


## OPINION AND ORDER

This matter is before the Court on *Plaintiff United States of America's Motion to Compel Claimant to Produce Discovery* ("*Motion to Compel*"), Doc. No. 52. Plaintiff's *Motion to Compel* is unopposed. For the reasons that follow, the *Motion to Compel* is **GRANTED**.

### I. BACKGROUND

The United States filed its *Verified Complaint for Forfeiture* in this case on August 20, 2009, Doc. No. 2, alleging that the defendant Thirty-Four Thousand Nine Hundred Twenty-Nine and 00/100 Dollars ($34,929.00) in United States Currency ("Defendant Currency") was used or intended to be used to commit or to facilitate, or represents proceeds of violations of 21 U.S.C. § 841 et seq., and/or was involved in or was traceable to violations of 31 U.S.C. § 5332(a). German Antonio Roman-Oliver ("Claimant") filed a *Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture in Rem*, Doc.

No. 13, on October 16, 2009, alleging that he is the owner of the Defendant Currency. This case was stayed from March 17, 2010, until May 2, 2012 pending resolution of related criminal proceedings. Doc. Nos. 34, 46.

The Court has established a discovery completion deadline of October 15, 2012. *Continued Preliminary Pretrial Order*, Doc. No. 47. On May 17, 2012, the Court ordered Claimant to respond to plaintiff's written discovery requests no later than July 15, 2012. On July 9, 2012, the Court granted Claimant's counsel, Karl H. Schneider and Mark R. Meterko, leave to withdraw as counsel of record and, on July 10, 2012, Joseph D. Reed entered his *Notice of Substitution of Counsel* for Claimant. Doc. Nos. 50, 51. To date, plaintiff has apparently not received a response to its discovery requests, and Claimant has not responded to plaintiff's *Motion to Compel*.

## II. STANDARD

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Rule 37(a) expressly provides that a

> party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or

2

> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).

The party moving to compel discovery responses must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met in this case. *See* Motion to Compel, at 3-4.

**III. DISCUSSION**

Claimant has apparently failed to comply with the Court's May 27, 2012 *Continued Preliminary Pretrial Order*, Doc. No. 47, in which the Court ordered Claimant to respond to plaintiff's written discovery requests no later than July 15, 2012. Claimant has also failed to move the Court for either an extension of the time to respond or a protective order. Although Claimant effected the appearance of substitute counsel five days prior to the date that Claimant's responses to plaintiff's discovery requests were due, Claimant has, to date, offered no explanation for his apparent failure to comply with the Court's order.

Accordingly, *Plaintiff United States of America's Motion to Compel Claimant to Produce Discovery*, Doc. No. 52, is **GRANTED**. Claimant is **ORDERED** to respond to plaintiff's written discovery requests no later than September 21, 2012. Claimant is **ADVISED** that his failure to comply with this *Order* may result in the imposition of sanctions, including the possible entry of his default. *See* Fed. R.

Civ. P. 37(b)(2).


September 12, 2012                               s/ Norah McCann King
                                                    Norah McCann King
                                              United States Magistrate Judge