```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                                       **Civil Action No. 2:09-CV-734**
                                              **MAGISTRATE JUDGE KING**

**THIRTY-FOUR THOUSAND**
**NINE HUNDRED TWENTY-NINE**
**AND 00/100 DOLLARS ($34,929.00)**
**IN UNITED STATES CURRENCY,**

        **Defendant.**

## OPINION AND ORDER

This is a civil *in rem* forfeiture action in which plaintiff United States of America sought forfeiture of the defendant Currency, which was allegedly used or intended to be used in violation of 21 U.S.C. § 841 *et seq.* This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), on claimant's *pro se Motion to Set Aside Default Judgment and Decree of Forfeiture* ("*Claimant's Motion*"), Doc. No. 60. The *Claimant's Motion* specifically asks that the default judgment previously entered in this case be set aside and that the defendant Currency be restored to claimant.

**Background**

The *Verified Complaint for Forfeiture*, Doc. No. 2, ¶ 8, was filed on August 20, 2009. Service was effected on the defendant Currency on September 1, 2009. *See* Doc. No. 8. On October 1, 2009, plaintiff filed a *Declaration of Publication*, Doc. No. 12, declaring that

"Notice of Civil Forfeiture [had been] posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on August 28, 2009, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." *Id*.  Plaintiff also filed a *Certificate of Service*, Doc. No. 15, on October 21, 2009, certifying that

> Direct Notice of this action along with a copy of the Verified Complaint, Warrant of Arrest In Rem, Summons, Government's Request for Production of Documents, and Government's First Set of Interrogatories [was sent] to potential claimant German Antonio Roman-Oliver and his attorneys, Mark R. Meterko and Karl H. Schneider, on August 31, 2009.

*Id*.  Proceeding through counsel, German Antonio Roman-Oliver (the "claimant") filed a verified claim on October 16, 2009, Doc. No. 13.

On March 17, 2010, this civil action was stayed during the pendency of related criminal proceedings involving claimant.  *Order*, Doc. No. 34.

On June 29, 2011, a grand jury returned a *Superseding Indictment* charging claimant with conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count One), distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841 (Count Two), and conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846 (Count Three).  The *Superseding Indictment* also sought the forfeiture of the Currency at issue in this civil case, which the grand jury alleged "represents proceeds obtained as a result of the narcotics activity as outlined in Count One and Count Three of this Superseding Indictment." *Superseding*

2

*Indictment*, Doc. No. 32, *United States v. German Roman Oliver,* 2:11-cr-069 (S.D. Ohio).

The criminal case proceeded to trial and, on October 19, 2011, claimant was convicted on Count One of the *Superseding Indictment*[1] but was found not guilty on Count Two and Count Three. *Id., Verdict Forms* (redacted), Doc. No. 101. The jury also returned a verdict of "Not Guilty" as to the forfeiture count of the *Superseding Indictment. Id.*, p. 7. Claimant was sentenced to a term of imprisonment of 192 months. *Id., Judgment in a Criminal Case*, Doc. No. 120.[2] A decree of forfeiture was not included in that judgment.

The stay of this civil action was vacated on May 2, 2012, *Order*, Doc. No. 46, and the Court set a discovery completion date of October 15, 2012 and required that all dispositive motions be filed no later than November 15, 2012. *Continued Preliminary Pretrial Order*, Doc. No. 47. The Court also expressly ordered claimant to respond to plaintiff's written discovery requests no later than July 15, 2012. *Id*. When claimant failed to comply with that directive, the Court granted plaintiff's motion to compel discovery and ordered claimant to respond to the discovery requests no later than September 21, 2012. *Opinion and Order*, Doc. No. 53. Claimant, who by that time was represented by different counsel, was also specifically warned that his failure to comply with that order "may result in the imposition of sanctions, including the possible entry of his default." *Id*. at p. 3.

---

[1] Although Count One charged conspiracy to distribute 5 kilograms or more of cocaine, the jury actually found that the conspiracy involved a quantity of less than 5 kilograms but 500 grams or more of cocaine. *Special Verdict Form No. 1(a)*(redacted), Doc. No. 101, p. 2.

[2] Claimant's appeal from that judgment remains pending. *United States of America v. German Natonio [sic] Roman-Oliver*, Case No. 12-4016 (6th Cir.).

On October 11, 2012, plaintiff filed a motion for sanctions in connection with claimant's failure to provide the required discovery. *Motion for Sanctions*, Doc. No. 54.  The Court granted that motion, which was unopposed, on November 6, 2012, and directed the entry of claimant's default.  *Order*, Doc. No. 56.  Claimant's default was entered by the Clerk that same day.  *Entry of Default*, Doc. No. 57.  Plaintiff subsequently filed a *Motion for Default Judgment and Decree of Forfeiture*, Doc. No. 58, and on November 7, 2012, the Court entered a *Default Judgment and Decree of Forfeiture*, Doc. No. 59, forfeiting the defendant Currency.

***Claimant's Motion***

Claimant argues that he is entitled to relief from the default judgment because the defendant Currency was not ordered forfeited in the related criminal proceedings.  *Claimant's Motion*, pp. 1-4.  Specifically, claimant argues that the Currency is subject to forfeiture only if claimant had been convicted on Count One *and* Count Three of the *Superseding Indictment* in the related criminal proceedings and, because the jury found claimant "Not Guilty" on Count Three, the Currency is not subject to forfeiture in this action.  *Id*.  Claimant also argues that he was never served with notice of this action and that he filed a request for remission of the funds on November 29, 2012, pursuant to 18 U.S.C. § 983(c)[sic].  *Id*. at pp. 1-2.  Claimant's arguments are without merit.

**1. Standard**

The Court interprets *Claimant's Motion* as a motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b). That rule establishes that, upon motion and just terms,

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) confers on the Court the broad authority to grant relief if justice so requires; however, the Court can do so only in exceptional or extraordinary circumstances not addressed by the first five subsections of the rule. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.").

5

**2. Discussion**

As noted *supra*, claimant first contends that, because he was not convicted on both predicate counts in the *Superseding Indictment* and the jury returned a verdict of "Not Guilty" on the forfeiture count in the related criminal proceedings, the United States cannot proceed with the forfeiture of the Currency in this civil action. This contention is without merit.

This is a civil forfeiture action in which the Court found that the defendant Currency "represents proceeds or was used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*, said violation being trafficking in controlled substances and is therefore forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6)." *Default Judgment and Decree of Forfeiture*, Doc. No. 59, p. 2. It is of no consequence that the jury in claimant's criminal case found in claimant's favor on the forfeiture count in that case; the United States may properly pursue a civil forfeiture action even if a defendant is acquitted on a related criminal charge. *See United States v. Ursery*, 518 U.S. 267, 278 (1996) ("[C]ivil forfeiture is 'not an additional penalty for the commission of a criminal act, but rather is a separate civil sanction, remedial in nature.'") (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984)); *One Assortment of 89 Firearms*, 465 U.S. at 361 ("[N]either collateral estoppel nor double jeopardy bars a civil, remedial forfeiture proceeding initiated following an acquittal on related criminal charges."). Thus, this parallel *in rem* civil forfeiture

6

action is not barred by the prior criminal proceeding regardless of the outcome of that criminal proceeding. *See Ursery*, 518 U.S. at 292.

Second, it is clear that claimant received notice of this action. It was claimant who filed, through counsel, a *Verified Claim*, Doc. No. 13. *See also* Doc. Nos. 17, 19, 29, 26, 33, 35, 40. Indeed, claimant's own affidavit, in which he authorized counsel to pursue a claim on claimant's behalf in this action, was attached to his *Motion to Dismiss*, Doc. No. 17. *Affidavit of German Antonio Roman-Oliver*, attached to *Motion to Dismiss*. Furthermore, plaintiff's *Certificate of Service*, Doc. No. 15, certifies that direct notice of the action was sent to claimant on August 31, 2009. Claimant's argument that he did not receive notice of this action therefore fails.

Finally, claimant's November 29, 2012 request for remission of the defendant Currency pursuant to 18 U.S.C. § 983(e) does not establish that he is entitled to relief from judgment in this case. Section 983(e) establishes a procedure to set aside a declaration of forfeiture "in any nonjudicial civil forfeiture proceeding" where a person who is entitled to written notice does not receive such notice. 18 U.S.C. § 983(e)(1). This action is not a "nonjudicial civil forfeiture proceeding" and, as discussed *supra*, claimant received notice of this action. Claimant's reliance on 18 U.S.C. § 983 is therefore misplaced.

Under the circumstances, claimant has not persuaded the Court that the judgment previously entered in this action should now be vacated. Claimant has not established that he is entitled to relief under Rule 60(b)(1)-(5), and this case does not present the

7

exceptional or extraordinary circumstances that would justify relief under Rule 60(b)(6).

Claimant's *Motion to Set Aside Default Judgment and Decree of Forfeiture*, Doc. No. 60, is therefore **DENIED**.


March 12, 2013                             *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                       United States Magistrate Judge